TRAVELERS INSURANCE COMPANY

v.

ST. JUDE MEDICAL OFFICE BUILD-
ING, LIMITED PARTNERSHIP and St.
Jude Hospital Complex Development
Group, Inc., and Liljeberg Enterprises,
Inc.

Civ. A. Nos. 93–1199, 93–2414.

United States District Court,
E.D. Louisiana.

April 8, 1994.

## ORDER AND REASONS

MENTZ, District Judge.

On January 25, 1994, the Court entered a memorandum opinion 843 F.Supp. 138, which shall be supplemented and amended as follows:

The Court finds that counsel for defendants have multiplied the proceedings in this case unreasonably and vexatiously by the filing of defendants' motions to disqualify as detailed in its memorandum opinion of January 25, 1994, and as delineated in its Order and Reasons dated March 30, 1994 in *The Travelers Insurance Company versus St. Jude Hospital of Kenner, La., Inc., et al.,* C.A. 90–1983 c/w 90–2601. In C.A. # 90–1983 one of three similar motions to disqualify was filed by defendants [1] and/or their affil-

---

1. The Court recognizes that defendant St. Jude Hospital Development Group Complex, Inc. (Development Group) was not a party in C.A. # 90–1983, but notes that it is owned and controlled by the Liljeberg brothers, who owned and/or controlled all the defendants in related cases C.A. # 90–1983, # 92–58, and # 93–0173. Furthermore, there is evidence that Development Group

iates. A copy of the Order and Reasons dated March 30, 1994 in C.A. 90–1983 is attached to this order and reasons and is thereby incorporated herein.

■ The similar motions to disqualify were filed with this Court in C.A. # 90–1983, *The Travelers Insurance Company v. Liljeberg Enterprises, Inc.,* C.A. # 92–58, and *The Travelers Insurance Company v. St. Jude Hospital of Kenner, La., Inc.,* C.A. # 93–0173. Although counsel for defendants in these related cases was different than in the instant case, defendants and their counsel herein were clearly aware of the other motions and the import of their outcome on this case. Specifically, as discussed at length in the Court's memorandum opinion dated January 25, 1994, defendants stated in their October 12, 1993 motion to continue:

> These defendants stipulate that the determination of those motions [to disqualify in C.A. # 90–1983, # 92–58, and # 93–0173] would be dispositive of *any* complaints that the defendants would have in the instant case. Emphasis added.

Nonetheless, defendants proceeded to file these motions to disqualify on December 17 and 22, 1993, despite their knowledge of the Court's denial of the related motions on November 19, 1993. Thus it appears by their own admission that to the great extent that defendants' motions were repetitive of those in the three earlier and related motions to disqualify [2], defendants multiplied these proceedings unreasonably and vexatiously.

In addition, to the extent defendants added new allegations to the previous motions to disqualify, their first affidavit was untimely, legally insufficient and woefully so [3]. Their supplemental affidavit was properly not al-

lowed and, like the first affidavit, dismally failed to cite evidentiary support of personal rather than judicial bias. As discussed at length in the Court's January 25, 1994 Memorandum Opinion at p. 7, *et seq.,* the law is precise on this issue, and counsel did not even attempt to advance an argument for extension, modification or reversal of existing law. In sum, the Court finds that counsel for defendants multiplied the proceedings in this case unreasonably and vexatiously, pursuant to 28 U.S.C. § 1927.[4]

■ Travelers has filed with the Court an affidavit in support of award of attorneys' fees and disbursements consisting of their counsel's, Phelps Dunbar, invoices to Travelers for professional services rendered in connection with defendants' motions to disqualify the trial judge. The aggregate amount of attorneys' fees, costs and expenses incurred by Travelers in connection with the motion to disqualify totals three thousand two hundred eighty-five and no/100 dollars ($3,285.00). The Court finds the invoices to be proper and justified. Defendants' counsel shall pay the sum of three thousand two hundred eighty-five and no/100 dollars ($3,285.00) to Travelers, pursuant to 28 U.S.C. § 1927, which by its terms applies exclusively to attorneys.

■ Travelers has also filed with the Court an affidavit in support of award of attorneys' fees and disbursements pursuant to F.R.C.P. 56(g) consisting of Phelps Dunbar invoices to Travelers for professional services rendered in connection with defendants' bad faith filing of the affidavit of Kenneth Fonte and Traveler's motion to strike. The aggregate amount of attorneys' fees, costs and expenses incurred by Travelers in connection with the motion to disqualify totals

---

is or was a wholly owned subsidiary of Liljeberg Enterprises, Inc., (LEI), a defendant in both this case and C.A. # 90–1983. (See the LEI Consolidated Financial Statements for year end January 31, 1990, wherein the Development Group is listed as a wholly owned subsidiary of LEI, Exhibit # 9 to Travelers motion for summary judgment.)

2. In addition to three motions for relief from judgment for failing to disqualify.

3. See January 25, 1994 Memorandum Opinion at p. 5 *et seq.*

4. Although in its opposition to the motions to disqualify Travelers requested that sanctions be awarded pursuant to F.R.C.P. 11, the Court does not award sanctions pursuant to Rule 11 because 1) Travelers did not serve separately a motion for sanctions as required by subdivision (c)(1)(A) and 2) the Court did not direct defendants or their counsel to show cause why they had not violated subdivision (b) of Rule 11 before a voluntary dismissal or settlement of the claims made by or against the party to be sanctioned as required by subdivision (c)(1)(B) and (c)(2)(B).

one thousand four hundred sixty-eight and 75/100 dollars ($1,468.75). The Court finds the invoices to be proper and justified, and pursuant to F.R.C.P. 56(g) defendants shall pay the sum of one thousand four hundred sixty-eight and 75/100 dollars ($1,468.75) to Travelers accordingly.[5]

As to all other costs incurred by Travelers as the prevailing party in this litigation, the memorandum opinion of January 25, 1994 shall be amended to reflect that Travelers is awarded against all defendants all costs incurred by Travelers in this litigation, except as otherwise provided herein.

With respect to production of stock certificates of St. Jude Hospital Complex Development Group, Inc., defendants have still failed to produce pre-numbered in red ink certificates # 1, 2, 3, and 4, and renumbered in black ink certificate # 2002.[6]

Thus, it is ordered by the Court that defendants produce these certificates by Friday, April 15, 1994 at 5:00 P.M. as well as an affidavit of John or Robert Liljeberg, as officers of St. Jude Hospital Complex Development Group, Inc. and/or the affiliated companies to whom Development Group stock was allegedly transferred, detailing the existence or not of a stock register or separate book of St. Jude Hospital Complex Development Group, Inc. and the reason for the delay or failure to produce pre-numbered in red ink certificates # 1, 2, 3, and 4 and renumbered in black certificate # 2002. Failing this or an explanation satisfactory to the Court, the Court shall direct a hearing be held to determine whether defendants should be held in contempt and further that John and Robert Liljeberg attend the hearing in person.

On the subject of the Court's continuing concern with the conflicting representations by defendants as to ownership of the movables, the Court shall defer action on this until the Court of Appeals renders its decision on the appeal of C.A. # 90–1983.

Accordingly,

**IT IS HEREBY ORDERED** that the order of January 25, 1994 is **AMENDED** to include:

1. The preliminary expert report of Vincent Messina of October 4, 1993, is **STRICKEN** as untimely and paragraph 5 of Mr. Messina's affidavit, which reads,

Because of the fact that the partnership was indebted to LEI in excess of the $978,-000 on May 29, 1990, the transfer of the 800 shares of stock which the partnership owned in Complex Development to LEI in payment of that indebtedness rendered the partnership solvent after the transaction,

and is based on Mr. Messina's preliminary expert report, **SHALL NOT BE CONSIDERED** by the Court.

2. The preliminary report of October 4, 1993, and the final report dated October 27, 1993, of defendants' real estate appraisers James Turnbull and Carlos Pumilia are **STRICKEN** as untimely and incomplete and the paragraph of Mr. Pumilia's affidavit which reads,

I have examined the 17.476 acres of property in Kenner, La. designated as Parcel B–2 and B–3, along with my associate James Turnbull and we are compiling out

---

**5.** Although the Court may judge defendants or their attorneys guilty of contempt pursuant to F.R.C.P. 56(g), the Court has restrained itself from doing so inasmuch as counsel were not representing defendants until the latter stages of this related and protracted litigation and may not have been aware of the events that gave rise to the bad faith filing of Mr. Fonte's affidavit.

**6.** The Court acknowledges receipt of Certificates numbered in black ink # 1 and 2 of St. Jude Medical Center, Inc.; Certificates numbered in black ink # 1, 2, and 3 of St. Jude Hospital of Kenner, La., Inc.; and Certificates prenumbered in red ink # 5, 6, 7, and 8 and renumbered in black ink # 2000, 2001, 2003, and 2004 respectively of St. Jude Hospital Complex Development Group, Inc.; 2 stock transfer agreements, and 7 resolutions, which were timely filed with the Court and are still in its possession.

Counsel for the Partnership and Development Group stated in his letter of February 1, 1994, "It is my further understanding that there was no separate book for stock certificates for St. Jude Hospital Complex Development Group, Inc. but the stock certificates that were used were loose stock certificates that were prenumbered. Those numbers, as I understand, were typed over and the new numbers beginning with the sequence 2000 were used." Although perhaps well-intended, this is an unverified and insufficient explanation for the missing pre-numbered in *red* certificates # 1–4 and renumbered certificate # 2002.

report showing the valuation of the property as of May 1, 1990 at $925,000 and as of September 20, 1993 at $464,500. and is derived from the stricken reports, **SHALL NOT BE CONSIDERED** by the Court.

3. The Act of Exchange dated May 22, 1990, wherein parcels B–2 and B–3 of undeveloped real estate owned by the Partnership were exchanged for 800 shares of common stock of St. Jude Hospital Complex Development Group, Inc., by and between the St. Jude Medical Office Building Limited Partnership and St. Jude Hospital Complex Development Group, Inc. and registered in the Parish of Jefferson at COB 2325, folio 273–275 is **REVOKED AND DECLARED TO BE NULL AND VOID.**

4. As a result of the revocation and nullity of the aforesaid Act of Exchange dated May 22, 1990, by and between the St. Jude Medical Office Building Limited Partnership and St. Jude Hospital Complex Development Group, Inc., the St. Jude Medical Office Building Limited Partnership is **RECOGNIZED** as the record owner from May 22, 1990 until the present of the following described immovable property:

THAT CERTAIN TRACT OR PARCEL OF LAND, TOGETHER WITH ALL OF ITS COMPONENT PARTS, BUILDINGS, STRUCTURES, CONSTRUCTIONS, THINGS INCORPORATED INTO THE PROPERTY AND ALL OTHER IMPROVEMENTS AND APPURTENANCES THEREOF, said property being out of and a part of the resubdivision of a portion of the Loyola Tract (Monroe Tract), University City Subdivision, City of Kenner, Parish of Jefferson, State of Louisiana, according to the survey plat thereof, prepared by R.P. Fontcuberta, Jr., Professional Land Surveyor, dated May 21, 1982, and resubdivided by the Kenner City Council, Ordinance No. 5398, on May 16, 1985, recorded at COB 1251, folio 1, all in accordance with a survey of R.P. Fontcuberta dated April 9, 1985, and designated as PARCEL B–2, said PARCEL B–2 being further described as follows:

Commence at the intersection of the Northerly Right of Way line of West Esplanade Avenue, (formerly 35th Street) and the Westerly Right of Way line of Loyola Drive; thence, measure N3d53′39″E, a distance of 635.15 feet to the POINT OF BEGINNING; thence, N86d06′21″W, a distance of 550.00 feet to a point; thence, N3d53′39″E, a distance of 127.08 feet to a point; thence, S86d06′21″E, a distance of 550.00 feet to a point; thence, S3d53′39″W, a distance of 127.08 feet to the POINT OF BEGINNING. Said parcel of ground contains 1.605 acres. All in accordance with a plan of survey by R.P. Fontcuberta, Jr., Registered Professional Land Surveyor, dated April 9, 1985.

AND

THAT CERTAIN TRACT OR PARCEL OF LAND, TOGETHER WITH ALL OF ITS COMPONENT PARTS, BUILDINGS, STRUCTURES, CONSTRUCTIONS, THINGS INCORPORATED INTO THE PROPERTY AND ALL OTHER IMPROVEMENTS AND APPURTENANCES THEREOF, said property being out of and a part of the resubdivision of a portion of the Loyola Tract (Monroe Tract), University City Subdivision, City of Kenner, Parish of Jefferson, State of Louisiana, according to the survey plat thereof, prepared by R.P. Fontcuberta, Jr., Professional Land Surveyor, dated May 21, 1982, and resubdivided by the Kenner City Council, Ordinance No. 5398, on May 16, 1985, recorded at COB 1251, folio 1, all in accordance with a survey of R.P. Fontcuberta dated April 9, 1985, and designated as PARCEL B–3, said PARCEL B–3 being further described as follows:

Commence at the intersection of the Northerly Right of Way line of West Esplanade Avenue, (formerly 35th Street) and the Westerly Right of Way line of Loyola Drive; thence, measure N3d53′39″E, a distance of 762.23 feet to the POINT OF BEGINNING; thence, N86d06′21″W, a distance of 550.00 feet to a point; thence, N3d53′39″E, a distance of 1252.77 feet to a point; thence, S86d06′21″E, a distance of 550.00 feet to a point; thence, S3d53′39″W, a distance of

1252.77 feet to the POINT OF BEGINNING. Said parcel of ground contains 15.818 acres. All in accordance with a plan of survey by R.P. Fontcuberta, Jr., Registered Professional Land Surveyor, dated April 9, 1985.

The Clerk of Court for the Parish of Jefferson, State of Louisiana is **REQUESTED** to make such references, statements, corrections and notations as may be appropriate to reflect the revocation of such transfer, the revocation and nullification of the Act of Exchange dated May 22, 1990, and the ownership of the above-described immovable property by the St. Jude Medical Office Building Limited Partnership from May 22, 1990, until the present.

5. As a result of the revocation and nullity of the aforesaid Act of Exchange dated May 22, 1990, by and between the St. Jude Medical Office Building Limited Partnership and St. Jude Hospital Complex Development Group, Inc., (i) the issuance and transfer on May 22, 1990 by the St. Jude Hospital Complex Development Group, Inc. to the St. Jude Medical Office Building Limited Partnership of 800 shares of common stock of St. Jude Hospital Complex Development Group, Inc. is **REVOKED AND DECLARED TO BE NULL AND VOID,** and (ii) St. Jude Medical Office Building Limited Partnership and St. Jude Hospital Complex Development Group, Inc. are ordered to **CANCEL** the certificates reflecting the May 22, 1990, issuance and transfer presently revoked by this Court, specifically Certificate # 2001, and to **REFLECT** such cancellation on their books. Evidence of this cancellation shall be filed with the Court no later than Monday, April 25, 1994 at 5:00 P.M.

6. (i) The transfer on May 29, 1990 by the St. Jude Medical Office Building Limited Partnership of 800 shares of common stock of St. Jude Hospital Complex Development Group, Inc. to Liljeberg Enterprises, Inc. is **REVOKED AND DECLARED TO BE NULL AND VOID,** and (ii) St. Jude Hospital Complex Development Group, Inc. and Liljeberg Enterprises, Inc. are ordered to **CANCEL** the certificates reflecting the May 29, 1990 transfer presently revoked by this Court, specifically Certificates # 2003 and # 2004, and to **REFLECT** such cancellation on their books. Evidence of the cancellation in (ii) shall be filed with the Court no later than Monday, April 25, 1994 at 5:00 P.M.

7. Pursuant to 28 U.S.C. § 1927 Travelers is **GRANTED** against counsel for St. Jude Medical Office Building Limited Partnership, St. Jude Hospital Complex Development Group, Inc., and Liljeberg Enterprises, Inc., an **AWARD** in the amount of three thousand two hundred eighty-five and no/100 dollars ($3,285.00) representing the excess costs, expenses, and attorneys' fees incurred by Travelers in connection with defendants' motion to disqualify trial judge.

8. Pursuant to Rule 56(g) of the Federal Rules of Civil Procedure, Travelers is **GRANTED** against all defendants an **AWARD** in the amount of one thousand four hundred sixty-eight and 75/100 dollars ($1,468.75) representing the reasonable costs, expenses and attorney's fees incurred by Travelers in connection with defendants' bad faith filing of the affidavit of Kenneth C. Fonte.

9. As to all other costs incurred by Travelers as the prevailing party in this litigation, the memorandum opinion of January 25, 1994 shall be **AMENDED** to reflect that Travelers is **AWARDED** against all defendants all costs incurred by Travelers in this litigation, except as otherwise provided herein.

10. Defendants **PRODUCE** pre-numbered in red certificates # 1, 2, 3, 4 and renumbered in black certificate # 2002 of St. Jude Hospital Complex Development Group, Inc. by Friday, April 15, 1994 at 5:00 P.M. as well as an affidavit of John or Robert Liljeberg, as officers of St. Jude Hospital Complex Development Group, Inc. and/or the affiliated companies to whom St. Jude Hospital Complex Development Group, Inc. stock was allegedly transferred, detailing the existence or not of a stock register or separate book of St. Jude Hospital Complex Development Group, Inc. and the reason for the delay or failure to produce pre-numbered in red ink certificates # 1, 2, 3, and 4 and renumbered in black certificate # 2002. Failing this or an explanation satisfactory to the Court, the Court shall direct a hearing be held to determine whether defendants should be held in

contempt and further that John and Robert Liljeberg attend the hearing in person.

11. Relative to the Court's ongoing concern with the conflicting representations by defendants as to ownership of the movables, the Court **SHALL DEFER** action on this until the Court of Appeals renders its decision on the appeal of C.A. # 90–1983.

ATTACHMENT

United States District Court

Eastern District of Louisiana

Civil Action Number: 90–1983

c/w 90–2601

Section: "I" (6)

The Travelers Insurance Company

versus

St. Jude Hospital of Kenner, La., Inc., et al

ORDER AND REASONS

Before the Court is the motion of plaintiff Travelers Insurance to quantify sanctions. Having considered the record, the law, the pleadings, and the memoranda, the Court grants the motion as follows:

By its Order and Reasons of November 19, 1993, the Court ruled on several motions of defendants St. Jude Hospital of Kenner, La., et al (the Partnership). These included defendants' motion for evidentiary hearing, motion to disqualify the district judge, motion for relief from judgment, and motion for leave to amend statement of material facts. By its ruling on these motions, plaintiff's motion to strike certain allegations was rendered moot. In paragraph 6 of its Order, the Court ordered that "costs and expenses of these motions are awarded to plaintiff."

In its Minute Entry of November 30, 1993 the Court stated:

The Order and Reasons dated November 19, 1993, shall be amended to include attorneys fees awarded to plaintiff pursuant to 28 U.S.C. § 1927. It is hereby ordered that Paragraph 6 of the Order shall read:

6. Costs and expenses of these motions, including attorneys' fees, are awarded to plaintiff.

The several motions, addressed by the November 19th order and the November 30 minute entry, shall be referred to herein as The Motions.

Travelers presently seeks to quantify the costs, expenses, and attorneys fees incurred by Travelers by The Motions. To that end Travelers has filed with the Court an affidavit in support of award of attorneys fees consisting of Phelps Dunbar invoices to Travelers for professional services rendered in connection with handling the defense against The Motions. The Court finds the invoices to be proper and justified.

This Court has the power and authority to grant or deny Travelers' motion to quantify sanctions. *Hay v. City of Irving, Texas*, 893 F.2d 796 (5th Cir.1990); *Willy v. Coastal Corp.*, —— U.S. ——, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992).

Defendants' counsel is responsible for Travelers' attorneys fees pursuant to 28 U.S.C. § 1927, which by its terms applies exclusively to attorneys. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir.1991).

The Court finds that counsel for defendants has multiplied the proceedings in this case unreasonably and vexatiously for the following reasons:

1) There is nothing whatsoever in the record evidencing a lack of appearance of impartiality of the judge.

2) This case was tried to a jury. During voir dire there was no questioning as to club membership by defense counsel, nor has there ever been questioning as to club membership before this Court.

3) The Motions were blatantly untimely, filed almost a year after final amended judgment was entered. Defendants' pleadings that the judge's club membership was "secret" and discovered only in July of 1993 was at the least patently disingenuous. The judge's Boston Club membership has been of public record since 1984, readily discoverable by anyone who can read.

4) Furthermore, since the rendering of the jury verdict and the amended judgment in this case, defense counsel has badgered the Court with these various motions without basis in fact or law, in an attempt to intimidate the Court and retard the progress of the litigation. Significantly, so far two defendants in this case have filed for reorganization in bankruptcy court since entering the amended judgment.

5) The Court interprets defendants' filing of The Motions to be a scurrilous variation on a weak form of advocacy: wait until the case is lost and post-trial motions are denied, then proceed to question the impartiality of the Court, almost a year after the amended judgment is rendered, with allegedly "newly discovered" information, in fact available to the public for years. Moreover, defendants were not satisfied with an attempt to impugn the integrity of the Court, but elected to malign by innuendo the character and professionalism of two attorneys unrelated to the trial of this case.

In view of the foregoing,

IT IS HEREBY ORDERED that

1. Plaintiff Travelers Insurance Company's motion to quantify sanctions is GRANTED, and

2. Attorney Kenneth C. Fonte pay the sum of $22,123.75 to Travelers Insurance Company together with interest as provided in 28 U.S.C. § 1961.

/s/ Henry A. Mentz, Jr.
United States District Judge