The **TRAVELERS INSURANCE COMPANY**

v.

**ST. JUDE HOSPITAL OF KENNER, LOUISIANA, INC.**

Civ. A. No. 93–0173.

United States District Court, E.D. Louisiana.

Sept. 9, 1994.

S. Ault Hootsell, III, Brent Bennett Barriere, Laura Tiffany Hawkins, Ronald Joseph White, Phelps Dunbar, New Orleans, LA, for plaintiff.

William F. Wessel, Wessel, Bartels & Ciaccio, New Orleans, LA, Kenneth Charles Fonte, Golden & Fonte, Metairie, LA, for defendant.

MENTZ, District Judge.

Before the Court is Traveler's motion to quantify sanctions, which the Court hereby grants.

In a minute entry dated December 2, 1993, the Court denied the motions by defendant

St. Jude Hospital of Kenner, La., Inc. (St. Jude) for relief from judgment and to disqualify trial judge.

Because the Court chose not to liquidate the amount of attorneys' fees owed by defendants' counsel in its December 2, 1993 order (the Sanctions Order), on May 6, 1994 Travelers filed a motion to quantify the sanctions.

St. Jude opposes the motion, contending this Court is without jurisdiction to consider Travelers' motion to quantify, and that in any event, the Court wrongfully issued the Sanctions Order against its attorney without a hearing.

■■■ This Court possesses the power and authority to grant Travelers' motion to quantify sanctions. Courts of appeal lack subject matter jurisdiction to consider an award of attorneys' fees when the district court has yet to quantify the amount of the fees.

In *Hay v. City of Irving, Texas*, 893 F.2d 796 (5th Cir.1990), the United States Court of Appeals for the Fifth Circuit announced that an award of attorneys' fees that does not fix the amount of the award is not a final, appealable decision under 28 U.S.C. § 1291. "The district court never entered an order awarding [the party] a specific amount of attorney's fees. Consequently, there is not a final appealable order as to attorneys' fees." 893 F.2d at 800.

■■■ This Court retains the power and authority to quantify the Sanctions Order. The Fifth Circuit is without jurisdiction to consider defendant's appeal of this Court's preliminary ruling as the amount of attorneys' fees was not determined in the Sanctions Order. Jurisdiction exists in this Court to grant Travelers motion.[1]

■■■ Furthermore, St. Jude misconstrues the law when it argues that the Court should have conducted a hearing prior to the issuance of the Sanction Order. Under 28 U.S.C. § 1927, a court may tax an attorney with the unnecessary attorneys' fees and costs expended by a litigant without a hearing.

In *North American Foreign Trading Corporation v. Zale Corporation*, 83 F.R.D. 293 (S.D.N.Y.1979), the United States District Court for the Southern District of New York affirmed a magistrate's *sua sponte* quantification of an award under section 1927. The magistrate had not conducted a hearing on the quantification issue. Rejecting the argument that due process required the magistrate to conduct an evidentiary hearing, the court stressed the magistrate's knowledge and familiarity with the case:

> While the magistrate was free if he chose to conduct an evidentiary hearing on the issue of excessive costs necessitated at which time he could have required counsel to be available for cross examination, the usual method is for the matter to be handled by way of affidavit. Defense counsel argues that special counsel should have been required to set forth the nature and extent of services rendered. This contention overlooks the magistrate['s] ... complete familiarity with the case. Many of the services of special counsel were performed before him, and he could properly assess the hours of professional time required. Furthermore, this is not a situation in which the propriety of a claimed fee for class counsel must be determined, where the court must protect against the litigation being a bonanza for class counsel without monetary benefit to the class.

83 F.R.D. at 298.

Similarly, this Court is completely familiar with Kenneth Fonte's tactics and bad faith filings—not only in this case but in related litigation.

■■■ Travelers' motion to quantify is completely warranted by the facts and the law. Travelers incurred the sum of seven hundred forty dollars ($740.00) in opposing the Motions, which figure was established by the affidavit of Travelers' counsel, Brent B. Barriere, attached to the motion. These fees are reasonable, proper and justified given the

---

1. In any event, federal district courts still possess the power to order and enforce sanctions although without subject matter jurisdiction over the primary dispute. *Willy v. Coastal Corp.,* —— U.S. ——, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992).

seriousness of the allegations contained in defendants' Motions. See Order and Reasons dated March 30, 1994 in *Travelers v. St. Jude Hospital of Kenner, La.* CA # 90–1983.

Accordingly, **IT IS ORDERED THAT**

1. Travelers' motion to quantify sanctions is **GRANTED**.

2. Defendants' counsel, Kenneth C. Fonte, **PAY** Travelers seven hundred forty dollars ($740.00) sanctions pursuant to 28 U.S.C. § 1927 on or before **Wednesday, September 21, 1994**.