**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 93-3731**
_____

**TRAVELERS INSURANCE COMPANY,**

**Plaintiff-Appellee,**

**VERSUS**

**ST. JUDE HOSPITAL OF KENNER, LOUISIANA, INC.,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**

_____
(October 25, 1994)

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

St. Jude Hospital of Kenner, Louisiana, Inc. (SJH), one of several defendants in an earlier action by Travelers Insurance Company in which liability was imposed against the limited partnership for which SJH was the general partner, but not imposed against SJH, challenges on _res judicata_ grounds an adverse summary judgment for its secondary liability, as general partner, for the judgment against the partnership. It asserts primarily that, because it was a defendant in the first action, it was necessary for Travelers to press the secondary liability claim then, or be barred by _res judicata_ from making it later. We **AFFIRM**.

I.

In June 1990, Travelers filed a multi-count complaint (the Partnership Litigation) against, *inter alia*, St. Jude Medical Office Building Limited Partnership (Partnership) and SJH, its general partner. One of the counts sought judgment against the Partnership on its promissory note to Travelers. That note was secured by a mortgage on the property on which the Partnership's St. Jude Medical Office Building (the building) stood. The hospital's (SJH's) property was adjacent to that of the building.

The 12-count complaint concerned five distinct transactions: 1) the Partnership's default on the promissory note; 2) the collateral assignment right of leases in the building to Travelers as part of the security for the promissory note; 3) the threat by various defendants to terminate water and sewerage service to the building; 4) the removal of furniture, fixtures, and equipment from the building; and 5) environmental damage to the property. The claims against SJH arose only out of either its ownership of the property adjacent to the building (the third and fifth transactional areas), or its participation in the removal of furniture, fixtures, and equipment from the building (the fourth transactional area). No reference was made to SJH's secondary liability for any judgment rendered against the Partnership.

In answer to the complaint, however, SJH and the limited partners raised the secondary liability defense of discussion "in

response to the claims asserted against them by [Travelers]."[1]
But, SJH failed otherwise to pursue the issue.[2]

The jury trial resulted in a judgment against the Partnership.
Travelers did not prevail on any of its claims against SJH.

When efforts to collect the judgment from the Partnership
failed, Travelers filed this action against SJH, the Partnership's
general partner, in order to do so (the SJH Litigation).[3]  Both

---

[1]    Discussion is "the right of a secondary obligor to compel the
creditor to enforce the obligation against the property of the
primary obligor or, if the obligation is a legal or judicial
mortgage, against other property affected thereby, before enforcing
it against the property of the secondary obligor."  La. Civ. Proc.
art. 5151.

[2]    Article 5155 of La. Civ. Proc. provides that:

> In pleading discussion, the secondary obligor
> shall:
>
> (1)  Point out by a description sufficient to
> identify it, property in the state belonging to the
> primary obligor, or otherwise subject to
> discussion, which is not in litigation, is not
> exempt from seizure, is free of mortgages and
> privileges, and is worth more than the total amount
> of the judgment or mortgage; and
>
> (2)  Deposit into the registry of the court,
> for the use of the creditor, an amount sufficient
> to defray the costs of executing the judgment or
> enforcing the mortgage against the property
> discussed.

[3]    This action is part of the continuing litigation between
Travelers and John and Robert A. Liljeberg.  *See, e.g., **Travelers
Ins. Co. v. Liljeberg Enters., Inc.***, 7 F.3d 1203 (5th Cir. 1993),
*aff'g in part, rev'g in part* 799 F. Supp. 641 (E.D. La. 1992)
(summary judgment declaring obligation of building lessee to enter
into lease with Travelers); ***Travelers Ins. Co. v. Liljeberg
Enters., Inc.***, Nos. 93-3832, 93-3833, 93-3891 (5th Cir. argued Aug.
30, 1994) (appeal of the district court's denial of Rule 60(b)(6)
motions); ***Travelers Ins. Co. v. St. Jude Hospital of Kenner, La.,
Inc.***, No. 94-30272 (5th Cir. argued Aug. 30, 1994) (appeal of the
district court's quantification of attorneys' fees); ***Travelers Ins.***

- 3 -

parties sought summary judgment. Travelers asserted that Louisiana law required a partner to pay the debts of its partnership; SJH, that, because of the Partnership Litigation, Travelers' claim was barred by *res judicata*. Primarily, SJH asserted that, because it was a defendant in the Partnership Litigation, Travelers was required to assert all claims against it in that litigation, including any for secondary liability on a judgment against the Partnership. The district court awarded summary judgment to Travelers.

## II.

It goes without saying that we review a summary judgment *de novo*. *E.g.*, ***King v. Provident Life and Accident Ins. Co.***, 23 F.3d 926, 928 (5th Cir. 1994). Here, there is no dispute of material fact. At issue is whether the district court erred, especially in light of the fact that SJH was a defendant in the Partnership Litigation, in holding that *res judicata* does not bar Travelers, as a judgment creditor of the Partnership, from pursuing that judgment against SJH based on its secondary liability.[4] Although this is a diversity action, federal *res judicata* rules apply in resolving the

---

*Co. v. St. Jude Medical Office Bldg. Ltd. Partnership*, 843 F. Supp. 138 (E.D. La.) (denying motion to recuse, revoking fraudulent conveyances, and awarding sanctions), *amended and supplemented*, 154 F.R.D. 143 (E.D. La. 1994) (quantifying sanctions); ***Travelers Ins. Co. v. St. Jude Hospital of Kenner, La., Inc.***, ___ F.R.D. ___, No. CIV.A. 93-0173, 1994 WL 500939, 1994 U.S. Dist. LEXIS 13085 (E.D. La. Sept. 9, 1994) (quantifying sanctions).

[4]   In addition, SJH moved unsuccessfully to have Rule 11 sanctions imposed against Travelers on the ground that it brought this action in the face of the claimed *res judicata* bar; it presses that issue here. Obviously, in light of our affirmance, this issue is moot.

preclusive effect of the Partnership Litigation, also a diversity action. *Sidag Aktiengesellschaft v. Smoked Foods Prods.*, 776 F.2d 1270, 1273 (5th Cir. 1985); *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 244 n.2 (5th Cir. 1983).

In this circuit, an action is barred by the doctrine of *res judicata* if: 1) the parties are identical in both actions; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior judgment was final on the merits; and 4) the cases involve the same cause of action. *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc) (quoting *Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir. 1979)). At issue is only the last factor: whether both cases involve the same cause of action.

To determine whether the same cause of action is involved, our court utilizes a transactional test. *E.g.*, *Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994); *Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990); *Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1124-25 (5th Cir. 1987). Under this test,

> the critical issue is not the relief requested or the theory asserted but whether [the] plaintiff bases the two actions on the same nucleus of operative facts. The rule is that res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, ... not merely those that were adjudicated."

*Howe*, 913 F.2d at 1144 (quoting *Nilsen*, 701 F.2d at 560) (footnotes omitted).

Louisiana recognizes a partnership as a separate entity; initially, a creditor of a partnership must bring suit against the partnership, but can join the partners in that action. *See* La. Code Civ. Proc. art. 737;[5] ***State v. Morales***, 240 So. 2d 714, 716 n.3 (La. 1970); ***Falcon Drilling Co. v. Transamerica Energy, Ltd. II***, 622 So. 2d 745, 747 (La. App. 3d 1993) (partner may be joined as a party defendant in the original action against the partnership). And, under Louisiana's entity theory of partnership, the creditor of a partnership should seek recovery first against the partnership. *See* La. Civ. Code art. 2817;[6] ***Koppers Co. v. Mackie Roofing & Sheet Metal Works***, 544 So. 2d 25, 26 (La. App. 4th 1989) (intent of the law is that recovery be sought first against the primary debtor, the partnership); *see also* ***Federal Deposit Ins. Corp. v. Mmahat***, 960 F.2d 1325, 1328-29 (5th Cir. 1992) (general discussion of actions against a partnership, including the partner's secondary liability), *cert. denied*, ___ U.S. ___, 113 S. Ct. 1044 (1993).

---

[5]     La. Code Civ. Proc. art. 737 provides:

> A partnership has the procedural capacity to be sued in its partnership name.
>
> The partners of an existing partnership may not be sued on a partnership obligation unless the partnership is joined as a defendant.

[6]     La. Civ. Code art. 2817 states:

> A partnership as principal obligor is primarily liable for its debts. A partner is bound for his virile share of the debts of the partnership but may plead discussion of the partnership.

- 6 -

The foregoing discussion of Louisiana partnership law is simply a backdrop to controlling precedent in our circuit, **Mmahat**. There, our court held implicitly that, under Louisiana law, a judgment creditor's claim against a partner for his virile share of a judgment against the partnership does not arise out of the same nucleus of operative facts as the partnership's debt. In **Mmahat**, the Federal Savings and Loan Insurance Corporation (FSLIC) obtained a judgment against Mmahat and the partnership of Mmahat & Duffy for legal malpractice and breach of fiduciary duty (first action). Subsequently, the FSLIC sued Duffy for his virile share of the judgment against the partnership.

Duffy asserted that *res judicata* barred the action against him on the ground that it "arose from the same transaction as" the first action and should have been included in it. 960 F.2d at 1329. We held otherwise, reasoning that the action against Duffy

> does not rest on an identical obligation, nor does it require readjudication of the malpractice claim. [The first action] was based on the malpractice of Mmahat, committed as a partner of the firm. In contrast, [the present action] is based on the pre-existing ... judgment against Mmahat and [the partnership] and Duffy's virile share of liability for that debt pursuant to Louisiana Civil Code Article 2817. Thus, the FDIC did not pursue a new theory of recovery in [the present action]; it sought merely to collect a pre-existing judgment in its favor. Obviously, res judicata would bar [the present action] if the FSLIC had lost in [the former action] because the FDIC would be seeking to relitigate the issue of liability. However, res judicata does not bar the FDIC's suit against Duffy to collect the judgment it obtained against [his] firm.

- 7 -

*Id.* at 1329-30.[7]

There is, however, one differing procedural aspect between this action and **Mmahat**: unlike the partner (Duffy) in **Mmahat**, SJH was a party in the underlying litigation. As noted, SJH hangs its hat primarily on this distinction. In fact, it conceded at oral argument that, had it not been a party in the Partnership Litigation, it would have no basis for claiming *res judicata*. (As discussed, SJH was not sued in the Partnership Litigation for its secondary liability as the general partner; instead, its presence was based on its conduct as an adjacent landowner to the building and its involvement in the removal of property from the building.)[8]

SJH presents a distinction without a difference. In essence, it seeks to conflate the first (identical parties) and fourth (same cause of action) factors in our *res judicata* analysis. But, because we are dealing with the transactional test aspect (fourth factor), SJH's presence in the Partnership Litigation is immaterial in determining whether this action (the SJH Litigation) is barred. The issue, in its simplest terms, is whether Travelers' claim

---

[7]    The FSLIC instituted each action. Subsequently, Congress abolished the FSLIC; all of its assets, including the claims against the partnership and Duffy, were transferred to the FSLIC Resolution Fund. The Federal Deposit Insurance Corporation (FDIC), as manager of this fund, became the real party in interest in the action. **Mmahat**, 960 F.2d at 1327 n.5. Accordingly, the court refers to the FDIC as the appellant in **Mmahat**, while the FSLIC was the original plaintiff.

[8]    SJH contends also that its secondary liability was raised and litigated in the Partnership Litigation. But, although the facts supporting SJH's secondary liability (*i.e.*, the existence of the Partnership's liability and SJH's status as its general partner) arose during the Partnership Litigation, SJH's secondary liability was not in issue.

- 8 -

against SJH in this action arises from the same nucleus of operative facts as in the Partnership Litigation. As stated, pursuant to the holding in **Mmahat**, it does not.[9]

                              III.

For the foregoing reasons, the judgment is

                          **AFFIRMED**.

---

[9]    Our court noted in **Kasper Wire Works, Inc. v. Leco Eng'g & Mach., Inc.**, 575 F.2d 530, 535 (5th Cir. 1978), that "[t]he aim of claim preclusion is ... to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues of duty and breach." The SJH Litigation does not raise entitlement or obligations which were identical to those litigated in the Partnership Litigation. Thus, SJH did not have to relitigate issues from the Partnership Litigation; any repetition of effort common to both actions would be *de minimis*. No doubt, economy and efficiency would have been advanced by asserting in the Partnership Litigation a claim against SJH for secondary liability; but, as much as we counsel -- indeed, require -- judicial efficiency and economy, they do not trump Travelers' right to bring this action, in light of its not being barred by *res judicata*.