IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60121
Conference Calendar
_____


LAFELDT RUDD

                                        Plaintiff-Appellant,

versus

ALICE JAMES; BARBARA DUNN;
REGINA RUDD; F. KENT STRIBLING;
EDDIE TUCKER; and WILLIAM F. COLEMAN,

                                        Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:94cv239BN
- - - - - - - - - - -
April 16, 1996
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Lafeldt Rudd appeals the district court's dismissal of his civil rights complaint as frivolous. Rudd contends that he is the victim of a conspiracy to incarcerate him in violation of his constitutional rights. We have reviewed the record, the district court's opinion, and appellant's brief and discern no reversible error.

    "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."

        Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).  In order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id.  Rudd's claims against Alice James, B. Dunn, F. Kent Stribling, and Eddie Tucker call into question the validity of his conviction and sentence and may not be considered in a § 1983 action under the rule in Heck because Rudd has not demonstrated that his conviction and sentence have been invalidated.

Additionally, the claims against Dunn, Stribling, and Tucker are barred under the doctrine of res judicata.  See Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 37 F.3d 193, 195 (5th Cir. 1994), cert. denied, 115 S. Ct. 1696 (1995).  Rudd has filed two prior appeals, from civil rights actions filed by Rudd against Dunn, Stribling, and Tucker.  Both cases involved the same basic legal contention and were disposed of by this court on the merits.  See Rudd v. Davis, No. 95-60190 (5th Cir. Oct. 18, 1995); Rudd v. Dunn, No. 94-60566 (5th Cir. Feb. 16, 1995).

The dismissal of the claims against William F. Coleman and Regina Rudd is affirmed for reasons stated by the district court.

We hold that Rudd's appeal is frivolous, and, accordingly, we DISMISS it pursuant to 5th Cir. R. 42.2.  Rudd was warned in Rudd v. Davis, No. 95-60190 (5th Cir. Oct. 18, 1995), that

additional frivolous appeals would result in the imposition of sanctions.  Rudd is hereby BARRED from filing any <u>pro</u> <u>se</u>, <u>in forma</u> <u>pauperis</u>, civil appeal in this court, or any <u>pro</u> <u>se</u>, <u>in forma</u> <u>pauperis</u>, initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court; the clerk of this court and the clerks of all federal district courts in this Circuit are directed to return to Rudd, unfiled, any attempted submission inconsistent with this bar.

APPEAL DISMISSED; SANCTIONS IMPOSED.