IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10688
Conference Calendar
_____


TONY RAY MITCHELL,

Plaintiff-Appellant,

versus

GERALD GARRETT, Chairman TBPP; CRAIG
HINES, Hearing Officer - TBPP; NICKI
WEAVER, Parole Officer - TBPP,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-40-Y
--------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

Tony Ray Mitchell, a Texas prisoner (# 488816), appeals the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
action as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  For at
least the third time, Mitchell has filed a 42 U.S.C. § 1983 suit
against the captioned defendants, arguing that, during parole-
revocation proceedings, the defendants violated his
constitutional right to the enforcement of a state-court order
dismissing criminal charges against him.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although res judicata is normally an affirmative defense that must be raised by a defendant, see In re Southmark Corp., 163 F.3d 925, 934 n.12 (5th Cir.), cert. denied, 527 U.S. 1004 (1999), we may raise the res judicata issue sua sponte, in order to the affirm the district court, when the record provides an adequate basis for such result. See Russell v. SunAmerica Sec., Inc., 962 F.2d 1169, 1172 (5th Cir. 1992). Because Mitchell in prior complaints has raised the instant claims against the captioned defendants and has had final judgments entered against him, his claims are barred as res judicata. See Travelers Ins. Co. v. St. Jude Hosp. Of Kenner, La., Inc., 37 F.3d 193, 195 (5th Cir. 1994).

His claims are in any event meritless. Mitchell is effectively challenging the revocation of his parole. Because he has not shown that the parole revocation decision itself has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, Mitchell's claim is not cognizable under 42 U.S.C. § 1983 and must be dismissed. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Mitchell's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Mitchell's appeal is DISMISSED. See 5TH CIR. R. 42.2. Mitchell is advised that the district court's dismissal of this action and this court's dismissal of this appeal both count as "strikes" pursuant to 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Recently, in Mitchell v. Bowman, No. 00-10687 (5th Cir. Feb. 14, 2001)

(unpublished), Mitchell was advised that he had already accumulated three strikes and that he was barred from proceeding in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). The current appeal was filed before the three-strikes bar was imposed against Mitchell, but he is hereby again warned of the consequences of filing another in forma pauperis action while he is incarcerated.

Mitchell's "Emergency Motion Requesting . . . the Court to Take:  Judicial Notice" is DENIED.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.