IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10466
Summary Calendar
_____

ROY LEE SMITH,

Plaintiff-Appellant,

versus

VANESSA R. SCHROCK,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-1346-D
--------------------
November 27, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roy Lee Smith appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as barred by res judicata. We review the grant of summary judgment de novo. Traveler's Ins. Co. v. St. Jude Hosp., 37 F.3d 193, 195 (5th Cir. 1994).

Smith contends that his first 42 U.S.C. § 1983 suit emanated from allegations of an assault, and the instant 42 U.S.C. § 1983 action arose from allegations of a threat. He asserts that the 42 U.S.C. § 1983 claims based on the threat charge had not accrued

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when he filed the first 42 U.S.C. § 1983 complaint because the criminal proceedings on the threat charge had not terminated. He argues that he obtained an unfavorable result in the first 42 U.S.C. § 1983 lawsuit because the district court concluded that Schrock was entitled to qualified immunity; he maintains that qualified immunity is not at issue in this case.

A prior judgment bars an action on the basis of res judicata if (1) the parties are identical in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was a final judgment on the merits; and (4) the cases involve the same cause of action. Traveler's Ins. Co., 37 F.3d at 195. Smith concedes that the first three elements are present.

We use the transactional test to determine whether the same cause of action is involved. Traveler's Ins. Co., 37 F.3d at 195. The critical issue is whether the plaintiff bases the two actions on the same nucleus of operative fact. Id. Res judicata bars all claims that were or that could have been advanced in support of the cause of the action, not merely the claims that were asserted. Id.

In his affidavit in support of his response to Schrock's motion for summary judgment in the instant case, Smith stated that during the pendency of his divorce from Schrock, Schrock invented false claims of abuse and threats which initiated arrests and that Schrock acted to gain an advantage in the divorce. Smith admitted that both 42 U.S.C. § 1983 complaints stemmed from his ex-wife's

allegations that were levied with the intent to have Smith arrested and suffer a disadvantage in the divorce.  The transaction at the heart of Smith's 42 U.S.C. § 1983 complaints was the divorce, the allegations that led to the 42 U.S.C. § 1983 were made during the pendency of the divorce, and he has not shown that the claims raised in the present suit could not have been effectively litigated with the prior suit.  See In re:  Baudoin, 981 F.2d 736, 743 (5th Cir. 1993).  Thus, Smith's 42 U.S.C. § 1983 lawsuits involved a common nucleus of operative fact.  See Traveler's Ins. Co., 37 F.3d at 195.

The district court did not err in dismissing the instant action as barred by the doctrine of res judicata.  The judgment of the district court is AFFIRMED.