**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**April 28, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**Summary Calendar**
**No. 02-50948**

_____

**RICHARD ARIZPE; ET AL.,**

**Plaintiffs,**

**RICHARD ARIZPE,**

**Plaintiff-Appellant,**

**versus**

**NORMAN Y. MINETA, SECRETARY, DEPARTMENT OF**
**TRANSPORTATION; FEDERAL AVIATION ADMINISTRATION,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas, San Antonio Division**
**02-CV-115**

_____

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pro se appellant Richard Arizpe challenges the district

court's grant of summary judgment in favor of appellees Norman Y.

Mineta and the Federal Aviation Administration ("the FAA") on his

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims under Title VII, 42 U.S.C. § 2000e, et seq. (2000); the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (2000); and the Privacy Act of 1974, 5 U.S.C. § 551-552 (2000). Arizpe also challenges various other rulings of the district court. Finding no error, we affirm.

Arizpe originally filed this suit, pro se, purportedly on behalf of himself and fifteen other plaintiffs. The district court dismissed without prejudice the claims of the fifteen other purported plaintiffs because Arizpe, who is not an attorney, was the only plaintiff to have signed the pleadings and motions.

Arizpe's claims challenged the FAA's method of realigning and reorganizing agency personnel within the FAA's Airway Facilities System (AFS) in the mid-1990's pursuant to the federal government's National Performance Review. Arzipe claimed that the FAA's selection processes were used during the realignment to discriminate on the basis of race, national origin, age, and gender. The district court granted summary judgment against Arizpe's individual claims because, <u>inter alia</u>, they were barred under the doctrine of res judicata. The district court held that a prior suit filed by Arizpe in federal court for the Western District of Texas also challenged the reassignment and relocation of FAA employees resulting from the 1995 realignment of the AFS organization in the agency's Southwest Region. The court in

2

Arzipe's prior suit granted summary judgment on Arizpe's Title VII claims alleging discrimination based on national origin.

An action is barred under res judicata if the parties are identical in both actions, the prior judgment was rendered by a court of competent jurisdiction, the prior judgment was final on the merits, and the cases involve the same cause of action. <u>Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.</u>, 37 F.3d 193, 195 (5th Cir. 1994). This court employs a transactional test to determine if two cases involve the same cause of action. Under the transactional test, the court determines whether the claims in this case are based on the same nucleus of operative facts as the claims brought in the prior case. <u>Id</u>. As the district court found, both of Arizpe's cases challenge the FAA's 1995 realignment and reassignment of employees. The instant suit differs from the prior suit only because it adds race, age, and gender as alleged bases of discrimination. Since these claims arise out of the same nucleus of operative facts as the prior case and the claims could have been brought as part of the prior case, their relitigation is barred by the transactional test, hence, the district court correctly granted summary judgment on all of Arizpe's claims.[1]

---

[1]Arizpe also argues that the grant of summary judgment violated his constitutional right to a trial by jury. This argument is frivolous.

Arizpe also challenges the district court's denial of his motion to order the FAA to reprioritize his job duties so that he could more ably prosecute this case. Arizpe failed to cite any authority to the district court or this court supporting an award of such extraordinary relief. The district court did not err in denying Arizpe's motion.

Arizpe next argues that he is entitled to a default judgment because the FAA never filed an answer before the district court. Arizpe did not raise this issue before the district court, but in any event, the argument is wholly without merit because the FAA timely filed a motion to dismiss under Federal Rule of Civil Procedure 12(b).

Arizpe challenges the court's denial of his motion seeking to disqualify any attorney from the FAA's office of the Assistant Chief Counsel for the Southwest Region from participating in this case. Arizpe makes unsubstantiated claims that an attorney employed by the Assistant Chief Counsel's office engaged in the destruction of evidence. Again, Arizpe cites no factual support or legal authority to support his motion. The district court did not abuse its discretion in denying this motion.

Finally, Arizpe asks this court to enjoin the FAA from destroying documents relevant to this case. Once again, Arizpe's

argument, which was never raised before the district court is completely unsubstantiated.

The judgment of the district court is therefore **AFFIRMED.**