United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10908
Summary Calendar

WALTER P. LAZDOWSKI,

Plaintiff-Appellant,

versus

JOHN E. POTTER, Postmaster General, United States Postal Service,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-118
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Walter P. Lazdowski filed suit against his former employer to seek redress for alleged violations of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. The district court dismissed his suit, and this appeal ensued. Lazdowski argues that the district court erred in granting the defendant's motion for summary judgment on his retaliation claims, which sought relief for acts that occurred in 2002. Lazdowski has not shown that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissing these claims, as he has not established that he was subjected to an adverse employment action that was meant to retaliate against him for engaging in protected activity. See Messer v. Meno, 130 F.3d 130, 140 (5th Cir. 1997).

Lazdowski likewise has not shown that the district court erred in determining that his claims that related to events that occurred in 1997 were barred by the doctrine of res judicata. To the extent that Lazdowski contends that the district court lacked the authority to raise this doctrine sua sponte, he is wrong. See Carbonell v. Louisiana Dep't of Health & Human Resources, 772 F.2d 185, 189 (5th Cir. 1985). To the extent that Lazdowski argues that the district court erred in determining that his 1997 claims should be dismissed because they arose from the same nucleus of operative facts as the claim asserted in his 2000 suit, he is likewise wrong. See Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 37 F.3d 193, 195 (5th Cir. 1994).

Lazdowski has shown no error in the judgment of the district court. Consequently, that judgment is AFFIRMED.