634 So.2d 1224 (1994)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES, Plaintiff-Appellee,
v.
James PIERRE, Defendant-Appellant.
No. 93-834.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
Charles Overton LaCroix, Alexandria, for State, Dept. of Social Services, etc.
Jimmy Dale Long Jr., Natchitoches, for James Pierre.
Before KNOLL and COOKS, JJ., and CULPEPPER[*], J. Pro Tem.
*1225 KNOLL, Judge.
James Pierre appeals the entry of a default judgment which declared him to be the natural and legal father of the minor child, T.D.,[1] and further ordered him to pay child support of $522 per month, arrearages of $6,786, and granted the State an immediate income assignment under the provisions of LSA-R.S. 46:236.3 A and B.
There are only a few facts which can be gleaned from the record, most of which come from the State's petition. T.D. was born to Loretta Moses on August 5, 1975. The State filed its petition against Pierre on December 4, 1991, 16 and 1/3 years after T.D.'s alleged date of birth, seeking to establish paternity, to set future child support payments, and to assess arrearages. The hearing on the State's petition was held on January 27, 1993.
Pierre contends that the State did not prove paternity in this case by a preponderance of the evidence. The judgment which established Pierre's paternity and his child support obligation was obtained by default.
LSA-C.C.P. Art. 1702(A) states in pertinent part:
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case...."
A prima facie case, sufficient to confirm a judgment of default, is established only when the plaintiff proves the essential allegations of his petition to the same extent as if those allegations had been specifically denied. Perrodin v. Zander, 441 So.2d 12 (La.App. 3 Cir.1983), writ denied, 444 So.2d 120 (La. 1984).
When the alleged parent of an illegitimate child is alive, the burden of proving paternity is by a preponderance of the evidence. LSA-C.C. Art. 209(A). Simply stated, the record adduced at the hearing to confirm the preliminary default must show that paternity by the defendant is more probable than not. Litton v. Litton, 624 So.2d 472 (La.App. 2 Cir.1993).
In the case sub judice, the State alleged that Pierre and Loretta Moses engaged in sexual intercourse and from their sexual relationship a child was born on August 5, 1975. The State further alleged that Pierre acknowledged and/or represented himself to be the natural, biological father of the minor child, and that he has failed and refused to support the child.
At the hearing in this matter, the State presented the testimony of one witness, Loretta Moses. The entirety of the transcript of evidence follows:
"Q. State your name, please.
A. Loretta Moses.
Q. And are you the mother of the child, T.D.?
A. Yes, I am.
Q. And who is the father of T.D.?
A. James Stanley Pierre.
Q. And how do you know that James Pierre is the father of T.D.?
A. That's the only guy I was involved with at the time.
Q. I'm sorry, you say he is the only man that you were involved with at the time?
A. Uh huh, at the time.
Q. And you were involved with no other?
A. No.
Q. And has James Pierre acknowledged being the father of T.D.?
A. Yes, by beingtaking care of him when he was first born.
Q. So, he has bought things for the child and come by to visit the child?
A. Yeah.
Q. Is ...
A. ... And has acknowledged it to other people, too.
Q. ... Has acknowledged to other people that he is the father of the child?
A. Yes sir.
Q. Is it generally known in your neighborhood or community that James Pierre is the father of T.D.?
A. Yes sir."
No documentary evidence was entered into the record at the time of the hearing.
*1226 After carefully reviewing the testimony of Loretta Moses, no evidence was adduced to establish the birthday of T.D. There was not even testimony that Moses and Pierre engaged in sexual intercourse; Moses statement was simply that Pierre was the only guy she was involved with at the time. Likewise, there was no testimony presented that Pierre had failed or refused to support the minor child. Furthermore, Moses' statement of Pierre's acknowledgment of the child was couched in generalities and was not "of a continuous, habitual and unequivocal nature, that is, of a sufficient frequency that there can be little doubt that the alleged father truly believes himself to be the father of the child." See, IMC Exploration Co. v. Henderson, 419 So.2d 490 (La.App. 2 Cir.), writ denied, 423 So.2d 1149 (La.1982).
Clearly, the evidence adduced in this matter did not rise to the level of proof of the essential allegation of the State's petition sufficient for the confirmation of a default judgment. Evidence of paternity is woefully lacking. Therefore, the judgment of the trial court is reversed and set aside. Costs of this appeal are assessed to the State.
REVERSED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] For purposes of confidentiality, we have used the minor child's initials instead of his full name.