hTHIBODEAUX, Judge.
The State of Louisiana, Department of Social Services, Support Enforcement Services (State) appeals the judgment of the trial court in its favor for $132.00, the amount paid by the State to Loretta Moses for the benefit of Telly Davis as Aid to Families with Dependent Children (AFDC) benefits. The judgment further dismissed with prejudice the State’s action and reserved to James Pierre the right to ^pursue his cause of action against the State for funds seized from him as a result of a default judgment which was reversed on appeal by this court.
The appellee, Pierre, answers the State’s appeal and alleges that the judgment appealed from was a consent judgment pursuant to a compromise reached between the parties in September 1994 and, therefore, cannot be appealed. The appeal, he says, is frivolous and he is entitled to an award of damages.
For the reasons which follow, we dismiss the State’s appeal. We further award Pierre, the appellee, $3,000.00 as damages in connection with what we find to be a frivolous appeal by the State.

ISSUES

The first issue is whether the judgment signed April 3,1995, was a consent judgment rendered by agreement of counsel for the State and Pierre during a pre-trial status conference as a compromise and, therefore, not appealable. The second issue is whether Pierre is entitled to an award of damages for the State’s alleged frivolous appeal.

FACTS

On December 4, 1991, the Office of the District Attorney in the Parish of Natchi-toches filed a petition on behalf of the Department of Social Services to establish paternity, to set child support payments and medical support, as well as to assess child support arrearage against Pierre for the benefit of Telly Davis, a minor. A preliminary *336 default was entered in January of 1993, and, thereafter, a default judgment was confirmed establishing Pierre’s paternity and his child support obligation. The arrearage amount was determined to be $6,786.00. The State laimmediately obtained an income assignment order which was served on Pierre’s employer.
Pierre appealed the default judgment, and attempted to have the income assignment stayed pending his appeal. Pierre was unsuccessful in obtaining a stay, and ultimately $3,646.00 was withheld from his paycheck.
The default judgment against Pierre was reversed by this court. See State v. Pierre, 93-834 (La.App. 3 Cir. 3/2/94), 634 So.2d 1224. The State refused to return the funds it received as a result of the income assignment. The State next returned to the trial court requesting genetic testing in order to establish paternity. Meanwhile, the child, in whose interest the State originally brought suit, turned eighteen. Eight months after the child’s eighteenth birthday, a hearing on the State’s request for genetic testing was held. At the hearing, Pierre filed exceptions of no right of action and no cause of action because, he alleged, the State had not obtained from Davis the right to act in his interest.
On September 28, 1994, the trial court rendered judgment on Pierre’s exceptions. The trial court ordered that because the child was now a competent major and because the State’s action was to recover money paid by the State to the child’s mother, Loretta, Pierre’s exceptions would be denied to the extent that the State’s lawsuit sought reimbursement of funds actually paid to Loretta prior to the child’s majority. The judgment specifically reserved the State’s right to seek a judgment against Pierre for reimbursement of amounts paid prior to the child’s eighteenth birthday. Otherwise, the exceptions filed by Pierre were sustained. The trial court gave Davis thirty days from September 28, 1994, to substitute himself as party plaintiff. He failed to do so. Subsequent discovery by Pierre established that the State disbursed to Loretta, pursuant to her AFDC benefits, the amount of $132.00.
UOn the day the case was set for trial, September 28, 1994, counsel for Pierre and counsel for the State as well as the State’s support enforcement officer appeared in open court and orally agreed to a judgment declaring that Pierre’s exceptions were sustained; that Davis, who was now the age of majority, would have thirty days from that day on the exceptions to substitute himself as party plaintiff; and, lastly, that Pierre was to reimburse .the State the amount of $132.00. The trial judge recited the terms of the proposed judgment and specifically called Davis and his mother to the bench advising them of the thirty day time limit in which to bring suit for the child support arrearage. At no point did the State’s attorney disagree with the proposed judgment. At the end of the colloquy, the trial judge stated: “I am glad we were able to come to some kind of resolution to this thing.” The entire transcript of this proceeding is set forth as an appendix to this opinion.
Thirty days passed and Davis took no action to preserve his claim. The State took no further action to act on Davis’ behalf. Eventually, on April 3, 1996, a written consent judgment was signed which incorporated the terms of the compromise between the State and Pierre. The signed judgment specifically referred to the fact that a compromise had been reached. The State did not object to the provisions of the judgment and did not move for a new trial. However, when Pierre contacted the State about a refund of the monies previously seized by income assignment, the State filed the present appeal. While the appeal was pending, the State returned to Pierre the money seized from him as a consequence of the invalid default judgment and withheld the $132.00 it had paid to Davis’ mother.

LAW AND DISCUSSION

Pierre correctly responds in his brief and in his answer to the appeal that the judgment the State now appeals is a consent judgment and is binding on all |sparties. This court has held that a stipulation entered into by all parties to a lawsuit in open court is equivalent to a compromise and is enforceable, even if never reduced to a signed judg *337 ment. Hawkins v. Hawkins, 592 So.2d 843 (La.App. 3 Cir.1991). As mentioned in the “Facts” section of this opinion, the language of the judgment specifically declares that the judgment is based on a compromise reached by the parties. Under the provisions of La. Code Civ.P. art. 2085, such a consent judgment is not appealable. Francis v. O’Neal, 26,193 (La.App. 2 Cir.1994), 645 So.2d 236. Furthermore, where there is no right to appeal, the appellate court may dismiss an appeal on its own motion. La.Code Civ.P. art. 2162.
This case does not pose a question of fraud or ill practice. Instead, the State on appeal simply maintains that its trial counsel did not enter into a proper agreement. Therefore, it has a right to appeal the judgment. The appellate counsel’s disagreement with the compromise negotiated by the trial counsel is not a proper ground to set aside a consent judgment. The State attempts to argue that Davis’ due process rights will be violated because he has lost his right to seek the child support arrearage. This argument is without merit because the trial court clearly explained to Davis during the status conference that he had thirty days within which to obtain an attorney to pursue his rights. Davis did not indicate that he misunderstood the trial judge’s advise. Davis simply failed to assert his rights. We thus dismiss the appeal.
In his answer, Pierre seeks damages for frivolous appeal pursuant to La. Code Civ.P. art. 2164. An appeal will be deemed frivolous if it does not present a substantial legal question, or if it is obvious either that its sole purpose is delay or that appealing counsel does not seriously believe the view of the law which he advocates. Hampton v. Greenfield, 618 So.2d 859 (La.1993). As noted, the law is clear that a party cannot appeal a consent judgment. Furthermore, in a letter dated 16July 20, 1995, the State refunded $3,414.00 which represents the amount seized minus the $132.00 Pierre agreed to pay the State pursuant to the compromise. Realizing that appeals are favored, courts are reluctant to grant frivolous appeal damages. However, in this case, such an imposition is clearly warranted. We therefore award Pierre the amount of $3,000.00.

CONCLUSION

Appeal dismissed at the cost of the State of Louisiana, Department of Social Services, Support Enforcement Services. Costs are assessed in the amount of $702.20.
Judgment is rendered in favor of James Pierre and against the State of Louisiana, Department of Social Services, Support Enforcement Services, in the amount of $3,000.00 for filing and pursuing a frivolous appeal.
APPEAL DISMISSED.
JUDGMENT FOR $3,000.00 IN FAVOR OF JAMES PIERRE.
11 APPENDIX A
IN THE TENTH JUDICIAL DISTRICT COURT
NATCHITOCHES PARISH, LOUISIANA
STATE OF LOUISIANA
VERSUS
JAMES PIERRE
DOCKET NUMBER: 91-7102(B)
ARGUMENT held at a hearing held in the above numbered and entitled case, held before His Honor, W. PEYTON CUNNINGHAM, JR., Judge, Tenth Judicial District Court, Natchitoches Parish, Louisiana on the 28th day of September, 1994.
[[Image here]]
A-P-P-E-A-R-A-N-C-E-S

MB. JIMMY D. LONG, JR.

Assistant District Attorney
Post Office Box 838
Natchitoches, LA 71458-0838
Counsel for State of Louisiana

MR. CHARLES O. LACROIX

Attorney At Law
Post Office Box 1105
Alexandria, LA 71309-1105
Counsel for Defendant

*338
_J2September 28, 199⅛

MR. LONG: Good morning, Your Honor. On page three (3) for paternity trial today, Your Honor, docket number 91-7102, State in the Interest of Loretta Moses, Telly Davis versus James Pierre. Ms. Davis and ... I mean Ms. Moses and Mr. Davis, would you come up please? Your Honor, in this matter, we have a couple of unresolved matters. We have a judgment on exceptions, which Mr. LaCroix and I have discussed and reworded. Your Honor, this proposed judgment dismisses some or denies some exceptions that were filed the last time we were in Court on this matter and sustains other exceptions and we have also provided that Telly Davis, who is now of the age of majority, is given thirty (30) days from the date of the signing of this judgment on exceptions to substitute himself as a party plaintiff. And I would state for the record that I do have ... I do see in the file here an application for child support services which Mr. Davis signed with the Natch-itoches office on June the 6th of 1994. If we’re in agreement on this, I’ll present this.
MR. LACROIX: That’s fine.
THE COURT: Would you ...
MR. LACROIX: Your Honor, we’re in ...
MR. LONG: We need to sign off on this?
THE COURT: Yes sir.
MR. LACROIX: I was going to say, Your Honor, we’re in agreement on the judgment on the exception.
THE COURT: Very well. The judgment is therefore signed at this time. Mr. Telly, T-E-L-L-Y, Davis, is that you?
MR. TELLY DAVIS: Yes sir.
THE COURT: Come up here a little bit closer. I need for you to speak into this microphone. How old are you now, please?
MR. TELLY DAVIS: Nineteen (19).
THE COURT: You’re nineteen (19) years old? And your date ofjjbirth is what?
MR. TELLY DAVIS: August the 5th.
THE COURT: 19 ...
MR. TELLY DAVIS: ...75.
THE COURT: ’75? Okay. And you are his mother?
MS. LORETTA MOSES: Yes sir.
THE COURT: And what is your name, please ma’am?.
MS. LORETTA MOSES: Loretta Moses. • THE COURT: Okay. The State ... the Court is going to order that there be judgment in this matter reimbursing the State the sum of ... what is it Mr. ...
MR. LACROIX: It’s a hundred and thirty-two dollars ($132.00), Your Honor.
THE COURT: ... a hundred and thirty-two dollars ($132.00), which the State paid in the form of AFDC on behalf of Telly Davis up until the time that he was eighteen (18) years of age. This matter has been pending before the Court and Mr. Pierre has made, through his counsel, Mr. LaCroix, has made numerous appearances in Court. My message to you, Mr. Davis, is that you have thirty (30) days from today to do whatever you want to do about any kind of claim you might have against Mr. James Pierre for child support owed to you. Now, he doesn’t owe anything to you in the terms of ... in child support after you reached the age of eighteen (18). You may have some claims up until that time, I don’t know. You need to either see a lawyer or you and your mother confer about this. But in order to put some kind of a closure to this tiling, I am advising you here in open Court that you have thirty (30) days to do something. Okay? All right. Thank you very much.
MR. LONG: Also, Your Honor, at this time I had received a subpoena duces tecum relating to certain documents and, which would all be in the records in the possession of Support Enforcement, at least insofar as the subpoena that I received, and would state for the record at this time that 11 ¿ave those files present in the courtroom and would object to their disclosure on confidentiality grounds and merely state that for the record.
THE COURT: All right. Let the objection be noted, otherwise overruled by the Court. Mr. LaCroix, you have full access to those records ...
MR. LACROIX: Thank you, Your Honor.
*339 THE COURT: Are there any other issues pending at this time in this ease?
MR. LONG: We have some other subpoenas out? Was your subpoena ...
MR. LACROIX: Uh, there was a subpoena issued ...
MR. LONG: Was yours the same ... to her?
MRS. DELORES MERCER, SUPPORT ENFORCEMENT OFFICER: Right, to ...
MR. LONG: To Ms. Moses?
MRS. DELORES MERCER, SUPPORT ENFORCEMENT OFFICER: ... I received a subpoena yesterday.
MR. LACROIX: Now I do not need a return on that subpoena at this time.
THE COURT: Very well.
MR. LACROIX: I think that Mrs. Mercer should have received the same subpoena as Mr. Long did.
MRS. DELORES MERCER, SUPPORT ENFORCEMENT OFFICER: Right.
MR. LONG: This is ...
MR. LACROIX: I would assume that with that, that the trial is continued without date, Your Honor.
THE COURT: That’s correct. Let the minutes show that Mr. LaCroix’s motion for continuance, which he filed, has been granted by the Court at this time with no setting of any trial date at this time. Okay. Thank you gentlemen. I am glad we were able to bring some kind of resolution to this thing.
| SMR. LONG: Thank you, Your Honor.
THE COURT: Ms. Moses, thank you. You can go, you and Mr. Davis.
(HEARING CONCLUDED)
INSTATE OF LOUISIANA
PARISH OF NATCHITOCHES
I, Stephanie B. Kaufman, Court Reporter, Tenth Judicial District Court, Natchitoches Parish, Louisiana do hereby certify that the foregoing typewritten pages constitute a correct transcript, to the best of my knowledge and ability, of the tape recorded matter set forth on page one hereof.
WITNESS MY HAND THIS 13th day of July, 1995, Natchitoches, Louisiana.
/s/ Stephanie B, Kaufman Stephanie B. Kaufman