682 So.2d 906 (1996)
Ruthie Arvie CHAPMAN, on behalf of the minor, Lacreasa ARVIE PlaintiffAppellee,
v.
LIBERTY MUTUAL INSURANCE CO., Hemphill Construction Co., Inc., and Gus B. Howard, Sr., DefendantAppellant.
No. 96-458.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1996.
*907 Jarvis Jerome Claiborne, Opelousas, for Ruthie Arvie Chapman, et al.
Charles M. Jarrell, Opelousas, for Liberty Mutual Insurance Company, et al.
Before YELVERTON, KNOLL, and SULLIVAN, JJ.
SULLIVAN, Judge.
This appeal concerns whether the trial court properly determined via summary judgment that Gus B. Howard, Sr. (Howard, Sr.) was 100% at fault in the vehicular accident that claimed the life of plaintiff's decedent, Rufus Thomas. Howard, Sr., his employer, and the employer's automobile insurer contend that genuine issues remain concerning the fault of other parties, the comparative fault of the deceased, and whether plaintiff's exclusive remedy lies in workers' compensation. For the following reasons, we agree that summary judgment was improvidently granted. We, therefore, reverse and remand.

Facts
The accident occurred at approximately 3:30 p.m. on June 4, 1994, as four members of a construction crew were returning from a job site in Baton Rouge to their homes in Ville Platte. Earlier that day, Howard, Sr., the foreman, drove himself and two workers, Charles Thomas and Rufus Thomas, to Baton *908 Rouge in a truck owned by their employer, Hemphill Construction Co., Inc. (Hemphill). The fourth member, Howard, Sr.'s son, Gus B. Howard, Jr. (Brad), arrived at work in a car borrowed from a friend. On the return trip that afternoon, the borrowed car overheated and became inoperable. The men decided to tow the disabled car to Ville Platte. They attached it to the pickup truck with a nylon strap. Howard, Sr. then drove the truck with Charles Thomas as a passenger, while Brad steered the towed vehicle with Rufus Thomas as a passenger.
As the group neared Plaisance on Highway 167, Howard, Sr., with Brad in tow, passed a vehicle driven by Francis Leday. Testifying at his deposition, Leday estimated Howard, Sr.'s speed at sixty-five to seventy miles per hour. After Howard, Sr. successfully completed this passing maneuver, he immediately attempted to pass another vehicle. Leday then saw Brad's car sway out of control and strike a culvert. At that point, Leday testified, he saw the tow strap break and both vehicles become airborne. The two passengers, Charles Thomas in the truck and Rufus Thomas in the car, were thrown from their vehicles. Rufus Thomas died from the injuries sustained in the accident.
Ruthie Arvie Chapman, on behalf of her minor daughter, Lacreasa Arvie, the alleged child of Rufus Thomas, filed a wrongful death claim against Howard, Sr., Hemphill, and Liberty Mutual Insurance Co. (Liberty Mutual). She later amended her petition to include a survival action and to name as additional defendants, Brad and an unknown insurance company alleged to have issued a policy covering the borrowed vehicle.
Howard, Sr., Hemphill, and Liberty Mutual generally denied the allegations of plaintiff's petition and further alleged that the accident was caused by the negligence of other parties and that plaintiff's exclusive remedy was in workers' compensation. In answering plaintiff's amended petition, defendants alleged that they were entitled to a reduction in any damages awarded to plaintiff caused by the fault of Brad and that the decedent, Rufus Thomas, was contributorily negligent in riding in a towed vehicle, when he knew or should have known that it was unsafe to do so. The record does not contain an answer filed on behalf of Brad.
On October 20, 1995, plaintiff filed a motion for summary judgment on liability alone, alleging that the accident was caused solely by the negligence of Howard, Sr. in recklessly passing a vehicle in a curve at an excessive rate of speed. In support of the motion, plaintiff attached the depositions of Francis Leday and Charles Thomas. Plaintiff dismissed her claims against Brad and his unknown insurer without prejudice on November 10, 1995. On December 13, 1995, the trial court issued written reasons finding that Howard, Sr. was 100% at fault in the accident. The trial court signed a written judgment granting plaintiff's motion for summary judgment on January 3, 1996.

Opinion
Acts 1996, First Ex.Sess. No. 9, amended La.Code Civ.P. art. 966(A)(2) to provide:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
The same act also amended paragraph (C) and added paragraph (G) as follows:
C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
....
G. Notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover.
Thus, although summary procedure is now "favored," the mover still bears the burden of showing that there is no genuine issue *909 as to material fact and that the mover is entitled to judgment as a matter of law.
Defendants first contend that plaintiff has not met this burden because the testimony offered in support of the motion raises genuine issues of material fact and law as to the negligence of Brad and the contributory negligence of the decedent. We agree.
Although Francis Leday and Charles Thomas testified that Howard, Sr. was speeding, both witnesses indicated that the first sign of trouble preceding the accident occurred when Brad lost control of the vehicle he was steering. Leday testified as follows:
Q. And what happened while he was passing up the lady who was in front of you?
A. When he passed and they went through the curve, and that's where the car in the back started losing control and wobbling all over the road, and that's when he hit that culvert and took off in the air. The car and the truck went in the air.
Similarly, Charles Thomas stated:
Q. But you don't know what caused the truck to lose control?
A. The swinging of the car.
Q. Swinging of the car?
A. Yes, sir.
Q. Do you recall whether y'all ran off the road to the left or to the right?
A. No, sir, we ain't run off the road.
Q. Didn't run off the road?
A. No, sir.
Q. So when Gus yelled for you to hold on, y'all were still in your lane?
A. Yes, sir.
Q. And the car behind was swaying?
A. Yes, sir.
Leday and Charles Thomas indicated that before the accident Howard, Sr. had successfully passed more than one vehicle. In light of this testimony, we cannot conclude that no genuine issue of fact exists as to whether Brad's failure to maintain control of his vehicle contributed to the accident.
Plaintiff points to other acts of negligence by Howard, Sr., including driving while drinking a beer and passing a vehicle in a "no passing" zone. However, evidence in the record raises questions as to whether these acts contributed to the accident. For example, Charles Thomas testified that Howard, Sr. was still drinking the one beer that he had bought when they stopped shortly before the accident; other pleadings in the record indicate that Howard, Sr. was not intoxicated at the time, based upon a BAC test. Although Leday and Charles Thomas testified that the accident occurred in a "no passing" zone, both witnesses also stated that no on-coming cars were approaching the accident scene.
In Dauzat v. Hartford Ins. Co., 95-50 (La. App. 3 Cir. 5/3/95); 657 So.2d 188, this court held that a partial summary judgment on liability alone was improperly granted where there existed genuine issues of material fact as to the fault of one party. Specifically, we held that a plaintiff injured by a left-turning motorist wholly within the plaintiff's lane of travel was not entitled to summary judgment on liability alone, where the defendant alleged that weeds in an area controlled by the police jury obstructed his view. Although the plaintiff established a prima facie case of negligence against the left-turning motorist, the pleadings and depositions indicated that another party also contributed to the accident.
In the instant case, the evidence offered by the plaintiff suggests that the actions of Brad also contributed to the accident. Although the plaintiff dismissed her claim against Brad without prejudice, Brad was still a party at the time summary judgment was filed and heard, and defendants had pleaded a reduction in damages awarded to plaintiff by the percentage of fault assigned to Brad. In light of the above, the trial court clearly erred in concluding that Howard, Sr. was 100% at fault in the accident, when there exists genuine issues of material fact as to Brad's fault.
Defendants' argument that genuine issues of material fact remain concerning the contributory negligence of the decedent, a passenger in the towed vehicle, is also well-founded. In Cheramie v. Brunet, 510 So.2d *910 700 (La.App. 1 Cir.), writs denied, 513 So.2d 1209, 1215 (La.1987), a passenger who participated in attaching a boat trailer to a truck without determining whether the coupler and the tow ball were compatible was found ten percent at fault when the boat disconnected and struck another vehicle. In the instant case, the nylon cable used to tow Brad's vehicle was not designed for towing a vehicle but for strapping pipe used at the construction site. The record is unclear that the decedent participated in attaching the tow truck to the car with the cable. However, the decedent willingly rode in the towed vehicle with knowledge that the cable was not so designed. We find this situation analogous to those cases where a passenger knowingly rides with an incompetent or an impaired driver. See Sledge v. Continental Casualty Co., 25,770 (La.App. 2 Cir. 6/24/94); 639 So.2d 805. Because genuine issues of material fact also remain concerning the decedent's contributory negligence, the trial court's conclusion that Howard, Sr. was 100% at fault was error.
Defendants also contend that summary judgment on the liability issue was inappropriate because genuine issues of material fact exist as to whether or not Howard, Sr., Brad, and Rufus Thomas were in the course and scope of their employment with Hemphill.
As a general rule, an employee is not in the course and scope of his employment when traveling to or from work. However, one exception to this rule occurs when an employer interests himself in the transportation of the employee either by contractually providing transportation or reimbursing the employee for travel expenses. Tarver v. Energy Drilling Co., 26,233 (La. App. 2 Cir. 10/26/94); 645 So.2d 796; Yates v. Naylor Industrial Services, Inc., 569 So.2d 616 (La.App. 2 Cir.1990), writ denied, 572 So.2d 92 (La.1991). The transportation must be an incident of the contract of hiring; the fact that the employer occasionally provides transportation to accommodate an employee is not enough to bring the situation within the exception to the general rule. MALONE & JOHNSON, WORKERS' COMPENSATION, 13 LOUISIANA CIVIL LAW TREATISE § 170 (3d ed.1994).
In the instant case, the employer provided transportation to and from the job site, but apparently all employees were not required to accept this transportation. On the day of the accident, Brad arrived at work in a personal vehicle. Charles Thomas testified that another crew member, identified only as Paul, used his personal vehicle to and from work, but that the decedent, Rufus Thomas, always availed himself of the transportation provided by Hemphill. Charles Thomas, a passenger in Hemphill's truck at the time of the accident, also testified that he received workers' compensation benefits for the injuries he sustained in this accident. We agree with defendants that genuine issues of material fact exist on this issue.

Decree
For the above reasons, the partial summary judgment rendered in favor of plaintiff, Ruthie Arvie Chapman, is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to plaintiff-appellee.
REVERSED AND REMANDED.