689 So.2d 569 (1997)
Willie COLLINS, et al., Plaintiffs-Appellants,
v.
FERRELLGAS, INC., Defendant-Appellee.
No. 96-810.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1997.
*570 George Arthur Flournoy, Alexandria, for Willie Collins, et al.
W. Paul Andersson, New Orleans, for Ferrellgas, Inc.
Gregory Scott Erwin, Alexandria, for Ralph C. Ingram, Jr.
Ronald E. Corkern, Jr., Natchitoches, for Cedar Grove Ltd. Partnership.
Oscar E. Reed, Jr., Lafayette, for Trans-LA Gas Co.
Jimmy L. Dauzat, Opelousas, for Farm Bureau Ins. Co.
Before YELVERTON, COOKS and DECUIR, JJ.
YELVERTON, Judge.
This case involves a house fire in which three men, Willie Collins, Warrick Collins, and Dwayne Davis, were burned. They sued Ferrellgas, Inc., which allegedly manufactured, distributed, owned, and maintained a propane bottle which was in the house when the fire started. Ferrellgas moved for summary judgment and for sanctions under La. Code Civ.P. art. 863. The trial court granted the motion for summary judgment and dismissed Ferrellgas. Sanctions were imposed in favor of Ferrellgas in the amount of $7,500 in attorney's fees and for reasonable defense expenses incurred. The plaintiffs appeal.

SUMMARY JUDGMENT
Acts 1996, No. 9, amended La.Code Civ.P. art. 966 to provide that summary judgments are now favored. Chapman v. Liberty Mutual Ins. Co., 96-458 (La.App. 3 Cir. 11/6/96), 682 So.2d 906. Article 966 provides that a party, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief sought. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. Article 966(C). However, the motion shall only be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense on which he will bear the burden of proof at trial. Id. Article 966 establishing the proper method for obtaining summary judgment is a procedural rule and applies retroactively. NAB Nat. Resources v. Willamette Industries, Inc., 28,555 (La.App. 2 Cir. 8/21/96), 679 So.2d 477.
The pleadings and depositions reveal the following facts. There was an explosion which resulted in fire on December 3, 1993, in the house that was rented by the Collinses. Davis was a friend of the Collinses and was setting up his Disc Jockey equipment in the house for a fish fry party to be held that evening to celebrate Warrick's birthday. The tank to fry fish had been allegedly borrowed from Louisiana Gin in Natchitoches where the Collinses worked. The tank was brought into the house ten-twenty minutes before the fire and set down by the fireplace in the living room. Warrick and Willie were in the living room preparing for the party when Warrick saw a ball of fire coming from the kitchen. Davis was in one of the bedrooms setting up his DJ equipment. All three plaintiffs received burns to their bodies as a result of the fire. After suit was filed, all three plaintiffs stated in depositions that the propane tank had nothing to do with the explosion and resulting fire. Nevertheless, they persisted in their suit against Ferrellgas.
One evening two to three days before the fire, Warrick had smelled gas in his bedroom. *571 He called Willie to come check it out. Willie turned the gas off and checked for leaks with a match but nothing happened. There was still a gas smell in the room the next morning. However, neither Willie nor Warrick called anybody like the gas company to check it out.
Preston Broadwater, a senior service technician with Trans La, reconnected the gas to the house when the Collinses first rented it. He was satisfied that there were no leaks in the line.
Brian Wimberly, chief of Nachitoches Fire District 6, testified that the fire was caused by the ignition of a flammable substance in a gaseous form. He opined that the substance was propane due to the evidence which indicated that the propane bottle was in an unusual place in the structure. He also considered the facts of the open configuration of the house and the nature of the explosion itself. After examining the propane bottle, he found that it was not ruptured and had no defect. The valve on the tank was open when he examined it. Wimberly stated that the tank would have to be open and gas escaping to find an ignition source like a pilot light which caused the explosion. He also testified that it was possible there were gas leaks in one of the lines that got to the ignition source and spread.
Based on the evidence as it exists in the record after adequate discovery, we cannot find any elements of negligence on the part of Ferrellgas with respect to the propane tank. If the propane tank was the source of the fire, one can only deduct from the facts that the valve had been opened and the propane was coming out of the open valve. This would not be due to any negligence on Ferrellgas' part. Summary judgment was properly granted in favor of Ferrellgas.

SANCTIONS
Ferrellgas filed a motion asking for sanctions alleging that the plaintiffs did not make a reasonable inquiry into the propane tank's relation to the fire. La.Code Civ.P. art. 863 requires that the attorney or party who signs a pleading make an objectively reasonable inquiry into the facts and law. Article 863 is intended for exceptional circumstances only and the slightest justification for the exercise of a legal right precludes sanctions. Dauzat v. Trinity Universal Ins. Co. of Kansas, 95-1235 (La.App. 3 Cir. 3/6/96), 670 So.2d 785.
The standard to be applied by an appellate court when reviewing a trial court's imposition of sanctions is the "abuse of discretion," "manifestly erroneous," or "clearly wrong" criteria used in reviewing a trial court's factual findings. Harrison v. McNeese State University, 93-288 (La.App. 3 Cir. 3/23/94), 635 So.2d 318, writ denied, 94-1047 (La.6/17/94), 638 So.2d 1099.
The motion for summary judgment was filed one year after suit was filed. It was argued by Ferrellgas that, once the plaintiffs had testified, during discovery, that the propane bottle had nothing to do with the fire, the case against Ferrellgas should have been voluntarily dismissed. Ferrellgas argues that the claim against it should have been dismissed when discovery revealed that plaintiffs could not produce evidence of its negligence.
A "reasonable inquiry" into the factual grounds for a suit does not mean that the attorney or party in a suit must make full discovery before filing his petition. In this case a reasonable inquiry would reveal that a propane tank had been brought into the house only minutes before the fire. A fire district official initially suspected the propane bottle. There was some justification for filing suit.
Article 863 provides for sanctions for the signing of a pleading. There is no provision for sanctions after further discovery in the case. At the time the petition was signed, there was enough suspicion surrounding the propane tank and its relation to the fire to furnish some justification for filing suit against Ferrellgas. It was after further discovery by way of depositions that the evidence began to reveal that there was no evidence of any negligence against Ferrellgas.
The proper remedy was the remedy that was granted in this case, summary judgment *572 after "adequate discovery" (Article 966(C)), which revealed that Ferrellgas was entitled to judgment under the law. The trial court abused its discretion in awarding sanctions, and we reverse that award.
The judgment of the trial court is reversed insofar as it awarded sanctions to Ferrellgas. The judgment of the trial court is affirmed insofar as it granted Ferrellgas' motion for summary judgment. Costs of this appeal are to be shared equally between plaintiffs and Ferrellgas.
REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.