11 GREMILLION, Judge.
The plaintiff, Patricia Andrepont, appeals the trial court’s judgment granting a peremptory exception of res judicata and motion for sanctions filed by the defendant, Albert Andrepont. The trial court dismissed Patricia’s suit and awarded attorney’s fees to Albert. We affirm and award Albert additional damages for Patricia’s frivolous appeal.
FACTS
This matter arose from a suit filed in the United States District Court for the Western District of Louisiana. In that suit, Patricia alleged that Albert, her ex-husband, conspired with the City of Sulphur, Roy Miles, and Keith Andrus to plant cocaine in her van and have her arrested on drug charges. On May 22, 1996, Patricia filed suit against Albert in state court alleging the same cause of action. Two days later, she voluntarily dismissed her suit in federal court. The order *761 of dismissal states 12that the claims were dismissed with prejudice.
Following the institution of this suit, Albert filed, first, declinatory exceptions of lack of jurisdiction and lis pendens, and, later, peremptory exceptions of prescription and res judicata. With regard to the exception of res judicata, Albert claimed that the dismissal with prejudice of the federal action acted as a bar to Patricia’s further litigation of the same action in state court. Several attempts were then made by Albert to have the exceptions heard. However, he was prevented from doing so, first by Patricia’s failure to file a cost bond, then by her motion for a continuance, and, finally, by her Motion to Withdraw as Counsel for Non-Payment of Fees and Motion for Continuance. On March 18, 1997, Albert filed a Motion and Order Setting Exceptions for Hearing and a Motion for Sanctions Pursuant to Article 863(D) of the Louisiana Code of Civil Procedure. In his motion, he urged that because of his numerous attempts to have the exceptions heard, he had incurred substantial expenses and attorney’s fees. He further argued that, in light of the federal court dismissal with prejudice, Patricia’s petition “was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.” Thus, her attorney’s signature on the certification was a violation of Article 863(D). The hearing on the exceptions and motions was set for May 28, 1997, however, it was rescheduled due to the failure to personally serve Patricia with a notice of the hearing.
The healing was finally held on July 31, 1997. Neither Patricia nor her attorney were present, although her attorney submitted a memorandum in support of her position. After considering the memoranda of both parties, the trial court ^sustained Albert’s peremptory exception of res judicata, finding that the dismissal with prejudice in federal court barred further adjudication of Patricia’s claims in state court. The trial court further held that sanctions against Patricia’s counsel were appropriate and awarded Albert court costs and $350.00 for attorney’s fees. A judgment was signed in this matter on August 5,1997.
ISSUES
Patricia specifies two errors on appeal. She claims that the trial court erred in granting Albert’s peremptory exception of res ju-dicata and dismissing her claims against him. She further argues that the trial court erred in granting the motion for sanctions. Albert has answered seeking damages for frivolous appeal pursuant to La.Code Civ.P. art. 2164.
LAW AND DISCUSSION
When a federal judgment is the basis for an exception of res judicata in state court, the federal law of res judicata applies. Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993); Arthur v. Zapata Haynie Carp., 95-956 (La.App. 3 Cir. 1/22/97); 690 So.2d 86, writ denied, 97-1031 (La.5/30/97); 694 So.2d 252, cert. denied, — U.S. - -, 118 S.Ct. 162, 139 L.Ed.2d 106 (1997). In Reeder, 623 So.2d at 1271, the court stated:
Under federal precepts, “claim preclusion” or “true res judicata” treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same “claim” or “cause of action.” When the plaintiff obtains a judgment in his favor, his claim “merges” in the judgment; he may seek no further relief on that claim in a separate action. Conversely, when a judgment is rendered for a defendant, the plaintiffs claim is extinguished; the judgment then acts as a “bar.” Under these rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same Rclaim between the same parties, whether or not raised at trial. The aim of claim preclusion is thus to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redeter-mination of identical issues of duty and breach. Kaspar Wire Works, Inc. v. Leco Engineering & Mach., 575 F.2d 530 (5th Cir.1978) (Rubin, J., citing authorities). See Restatement (Second) of Judgments §§ 18-20(1982).
Applying the federal law of res judi-cata, a subsequent action will be barred if: (1) the parties are identical in both actions; *762 (2)the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgement was final on the merits; and (4) the cases involve the same cause of action. Travelers Ins. Co. v. St. Jude Hospital of Kenner, Louisiana, Inc., 37 F.3d 193 (5th Cir.1994), cert. denied, 514 U.S. 1065, 115 S.Ct. 1696, 131 L.Ed.2d 559 (1995); Arthur, 690 So.2d 86. After reviewing the record, we find that the only element at issue is whether the prior judgment rendered in federal court was final on the merits. We find that it was.
Although Patricia makes much of the fact that she voluntarily dismissed her claims in federal court, that is not dispositive for purposes of res judicata. What is important is that the claims were dismissed with prejudice. Federal Rules of Civil Procedure Rule 41 provides in pertinent part:
(a)(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiffs motion to dismiss, the action shall not be dismissed against the defendant’s objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against | 5the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
(Emphasis added).
Accordingly, a dismissal with prejudice has the force of a final judgment on the merits and will have a preclusive effect on further litigation. Jaramillo v. Burkhart, 59 F.3d 78 (8th Cir.1995). Thus, Patricia’s claims in state court are barred by res judicata. The judgment of the trial court sustaining Albert’s peremptory exception of res judicata is affirmed.
SANCTIONS
In her second assignment of error, Patricia argues that the trial court erred in granting Albert’s motion for sanctions. La. Civ.Code art. 863 requires an attorney or party who signs a pleading to make an objectively reasonable inquiry into the facts and law pertaining to the matter at issue. Collins v. Ferrellgas, Inc., 96-810 (La.App. 3 Cir. 2/5/97); 689 So.2d 569. Sanctions pursuant to Article 863 will be imposed only under exceptional circumstances, but not if there is the slightest justification for the exercise of a legal right. Id. The standard of review for the imposition of sanctions is the “clearly wrong” or “manifestly erroneous” standard. Harrison v. McNeese State University, 93-288 (La.App. 3 Cir. 3/23/94); 635 So.2d 318, writ denied, 94-1047 (La.6/17/94); 638 So.2d 1099.
After reviewing the record, we find no error in the trial court’s imposition of sanctions. In its oral reasons, the trial court stated:
lelnsofar as the issue of sanctions are concerned, the Court feels that there is nothing new that plaintiff tried to do that would have substantially changed the law, and there’s nothing in the pleadings which would indicate that that was their intention, or try to expand the law insofar as what was done in these proceedings. The Court feels that once the Exception of Res Judicata was filed and is proper that it is incumbent upon the plaintiff to dismiss their action within 90 days or within the time set for the hearing, whichever is longer; in this case, it has not been dismissed by the time of the hearing. Therefore the Court thinks that sanctions are appropriate and would award attorney’s fees of $350, plus costs to the defendant.
*763 Considering the law and the evidence, we cannot say that the trial court’s decision was unreasonable. The judgment awarding court costs and attorney’s fees to Albert is affirmed.
FRIVOLOUS APPEAL
In his answer, Albert seeks damages for frivolous appeal pursuant to La. Code Civ.P. art. 2164. That article provides:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
An appeal is deemed frivolous if it does not present a substantial legal question, or if it is obvious that its sole purpose is to delay or that appealing counsel does not seriously believe the view of law which he advocates. State, Dept. of Soc. Serv. v. Pierre, 95-1128 (La.App. 3 Cir. 1/31/96); 670 So.2d 334. In this instance, we find that damages for frivolous appeal are appropriate. It is clear that the federal law of res judicata applies if a judgment rendered in federal court forms the basis for the exception. We further find that even a cursory review of the law would have informed her that a dismissal with prejudice acts as a a final adjudication on the 17merits of the case under federal law. Thus, . we find that Patricia’s appeal failed to present a substantial legal question. Accordingly, we award Albert damages for frivolous appeal in the amount of $1,500.00.
CONCLUSION
For the foregoing reasons, we amend the judgment of the trial court to award the defendant-appellee, Albert Andrepont, damages for frivolous appeal. In all other respects, the judgment is a affirmed. The costs of this matter are assessed to the plaintiff-appellant, Patricia Andrepont.
AFFIRMED AS AMENDED.