I,SAUNDERS, Judge.
Norsworthy Construction Company, Inc., hereinafter “Plaintiff,” brought suit on a debt owed by Raymond Davis, hereinafter “Defendant,” for heavy equipment construction work done on Defendant’s property. Defendant presented no evidence and no affirmative defense. The trial court ruled in favor of Plaintiff, awarding Plaintiff $5,720.00 plus attorney fees of 33 and lk % ($1,906.67), together with legal interest thereon from the date of judicial demand until paid, plus all costs of the proceedings. The lower court additionally ruled in favor of Plaintiffs Motion for Sanctions against Defendant, pursuant to La.Code Civ.P. art. 863, and ordered *73 Defendant to pay sanctions in the amount of $5,000.00 to Plaintiff, plus attorney fees in the amount of $4,000.00 and all costs of the proceedings in connection to the | ¡Motion. We affirm.
FACTS
To facilitate access for oil exploration activity on his land, Defendant hired Plaintiff to construct roads and install culverts on Defendant’s property in Vinton, Louisiana. Plaintiff was to be paid by the hour for his work. Upon completion of the construction work, Plaintiff made his demand on Defendant for the work done in the amount of $5,725.00. In reply, Defendant simply informed Plaintiff that he was not going to pay him “right now.”
Plaintiff brought suit on open .account for nonpayment. Defendant answered with a general denial. The trial judge noted that it was essentially an uncontested trial since Defendant put forth no evidence and was not prepared to contest Plaintiffs allegations. Defendant’s counsel did, however, attempt to set forth an unp-lead affirmative defense, which the lower court refused to hear in light of La.Code Civ.P. art. 1005 which requires that such defenses be set forth in the Answer. The trial judge ruled in favor of Plaintiff.
Plaintiff also filed a Motion for Sanctions against Defendant, pursuant to La.Code Civ. P. art. 863; in this regard, the lower court opined that Defendant, not Defendant’s counsel who was the last of several attorneys hired by Defendant, had engaged in delay tactics. In his opinion, the trial judge explained that Defendant had filed multiple pleadings without just cause in an effort to delay litigation. The court made note of Defendant’s history of debt delinquency. In light of this, the trial court found that Defendant grossly violated La. Code Civ.P. art. 863 and, under the same, ordered Defendant to pay Plaintiff $5,000.00 in sanctions plus attorney fees in the amount of $4,000.00 and all costs associated with the motion.
LAW AND ARGUMENT
^Defendant challenges the propriety of the lower court’s rule in favor of Plaintiffs Motion to Sanction Defendant under La. Code Civ.P. art. 863. It is the providence of the district court to determine if litigants and attorneys have complied with the affirmative duties of La. Code Civ.P. art. 863. Fairchild v. Fairchild, 580 So.2d 513 (La.App. 4 Cir.1991). La.Code Civ. P. art. 863 provides, in pertinent part:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension,'modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
[[Image here]]
D. If, upon motion of any party or upon its own motion, the court ‘ determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon on the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee. (Emphasis added).
*74 “The standard to be applied by an appellate court when reviewing a trial court’s imposition of sanctions is the ‘abuse of discretion,’ or ‘clearly wrong’ criteria used in reviewing a trial court’s factual findings.” Collins v. Ferrellgas, Inc., 96-810 (La.App. 3 Cir. 2/5/97); 689 So.2d 569, 571. Only the slightest justification for the exercise of a legal right precludes sanctions. Id. “[La.Code Civ.P. art. 863] requires the attorney or litigant who signs a pleadings (sic) to make an objectively reasonable | ¿inquiry into the fact and the law. Subjective good faith does not satisfy the duty of reasonable inquiry.” Bankston v. Alexandria Neurosurgical Clinic, 583 So.2d 1148, 1155 (La.App. 3 Cir.), writ denied, 589 So.2d 1066 (La.1991).
Defendant asserts that La.Code Civ.P. art. 863 applies only to attorneys, not their clients. We find this argument unpersuasive in light of the lower court reasons for judgment and the clear letter of the statute, as emphasized above, which speaks to litigants as well as attorneys. The trial judge explained his reasons for imposing sanctions against Defendant, particularly: “[P]rior to the matter coming up for decision, many tactics were employed that must be viewed as nothing other than delay tactics.... The court finds that the defendant filed pleadings without any just cause, and nothing was served by the pleadings other than unnecessary delay and increased cost of litigation.”
A review of the records indicates nothing to mitigate Defendant’s position or indicate that the lower court was manifestly erroneous in applying La.Code Civ.P. art. 863. Defendant exhibited not the slightest bit of good faith and, after much delay, still had no defense to present on his behalf. We give due deference to the lower court’s finding that Defendant violated Article 863(B).
DECREE
In light of the foregoing, we affirm the lower court’s rule imposing sanctions on Defendant for abuse of process causing unnecessary delay and increased costs of litigation, in violation of the affirmative duties imposed by La.Code Civ.P. art. 863.
AFFIRMED.