hDECUIR, Judge.
Plaintiff, Richard Barnett, appeals the judgment of the trial court in favor of Logan Nichols on an exception of res judi-cata. We reverse.
Barnett filed the instant suit against Nichols and Ernest Parker in the 15 th Judicial District Court for the Parish of Lafayette. During the pendency of this litigation, which is now before this court for the third tim [1], Barnett sought to protect his interests against Nichols by filing another suit against him in the 31st Judicial District Court for the Parish of Jefferson Davis. Thwarted in his efforts to have the | a Jefferson Davis suit dismissed once it became certain that the Lafayette suit would include adjudication of the question of Nichols’ liability[2], Barnett prepared for trial in Jefferson Davis Parish. Prior to trial, however, the trial court granted summary judgment in Nichols’ favor and dismissed the suit. We have this day reversed the summary judgment rendered therein in an appeal which is consolidated with this matter. See Barnett v. Nichols, 99-387 (La.App. 3 Cir.1999), 748 So.2d 496.[3]
Based solely on the finality of the summary judgment rendered in the Jefferson Davis suit, the trial court in Lafayette granted Nichols’ exception of res judicata. Because we have reversed the summary judgment, the judgment on the exception must also be reversed. The legal foundation for the res judicata judgment has been found to be invalid; therefore, the judgment is insupportable.
For these reasons, the judgment of the trial court dismissing the claims of Richard Barnett against Logan Nichols is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against Logan Nichols.
REVERSED AND REMANDED.

. See Marsh Engineering, Inc. v. Parker, 94-1129 (La.App.3 Cir. 5/8/96), 688 So.2d 1042; writ denied, 96-1434 (La.9/27/96), 680 So.2d 637 (exception of prescription); and Marsh Engineering, Inc. v. Parker, 97-118, (La.App. 3 Cir.5/27/97), (unpublished); writ denied, 97-1716 (La.10/13/97), 703 So.2d 615 (amendment of petition to add Nichols as a defendant).

. See Barnett v. Nichols, 98-0404 (La.3/27/98), 716 So.2d 892.

. We refer the reader to our decision in the consolidated appeal for a rendition of the factual background of this litigation.